### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

DONNY D. JOHNSON, SR.,

      Plaintiff,

v.                                                                    No. 1:20-cv-00182-JCH-KRS

WALGREENS BOOTS ALLIANCE, INC., *et al.*,

      Defendants.

### <u>ORDER GRANTING MOTION TO EXTEND SCHEDULING ORDER DEADLINES</u>

**THIS MATTER** is before the Court on Plaintiff's Motion to Extend Discovery Deadline, (Doc. 23), and Defendants' response, (Doc. 24), both filed August 17, 2020, and Plaintiff's reply, filed August 24, 2020, (Doc. 25).  Having considered the parties' briefing and the record of the case, the Court will GRANT the Motion.

Plaintiff asks the Court to extend his deadline to disclose expert witness reports from August 17, 2020, to September 25, 2020.  (Doc. 23).  As grounds, Plaintiff states both he and his wife have had ongoing medical emergencies, and due to visitor restrictions they are unable to communicate effectively with their attorney.  *Id.* at 1-2.  Plaintiff has disclosed one expert report but seeks additional time to obtain one or two additional experts.  *Id.* at 2.

Defendants do not oppose an extension for Plaintiff's already retained experts, but they oppose an extension that will allow Plaintiff to seek out and retain new or additional experts. (Doc. 24) at 2.  Defendants state this would prejudice them because they have already disclosed their expert opinions in the context of informal settlement discussions.  *Id.*  Defendants ask the Court to limit Plaintiff to an extension of expert disclosures only for experts already retained by Plaintiff on or before August 17, 2020, and that the Court extend the remaining scheduling order

deadlines by the same amount of time.  *Id.*  In his reply, Plaintiff states he has been delayed in

obtaining expert reports because his law office was closed from mid-March to mid-July and the

doctors he reached out to were slow in responding to him.  (Doc. 25) at 1.

A party requesting an extension of a scheduling order deadline must make a showing of

good cause.  *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified

"only for good cause and with the judge's consent").  "In practice, this standard requires the

movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014)

(citation omitted).  This case was removed to this Court on March 2, 2020, and the Court held a

scheduling conference on April 16, 2020, setting the discovery deadline for November 16, 2020.

(Doc. 14).  The parties have already agreed once to extend their expert disclosure deadlines from

August 3, 2020 and September 3, 2020, to August 17, 2020 and September 17, 2020,

respectively.  (Doc. 21).  Because Plaintiff has timely disclosed one expert report and he set forth

sufficient explanation as to the delay in obtaining additional experts, the Court finds his efforts

have been sufficiently diligent.  Therefore, the Court will grant Plaintiff's Motion and extend the

deadlines in this case as follows:

(1) Plaintiff's expert-disclosure deadline:  **September 25, 2020**;

(2) Defendants' expert-disclosure deadline:  **October 26, 2020**;

(3) Termination of discovery:  **December 21, 2020**;

(4) Motions relating to discovery:  **December 29, 2020**;

(5) All other motions:  **January 14, 2021**;

(6) Pretrial order:      Plaintiff to Defendants by:  **February 16, 2021**;

Defendants to Court by:  **February 24, 2021**.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE